UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RALPH RODRIGUEZ,

    Plaintiff,

v.                                                            Case No. 8:19-cv-753-T-MAP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## **ORDER**

    This is an appeal of the administrative denial of Plaintiff's application for disability insurance benefits (DIB) and period of disability benefits.[1] *See* 42 U.S.C. § 405(g). Plaintiff argues that this case should be remanded to the Commissioner for further proceedings because the Administrative Law Judge (ALJ) erred by failing to properly develop the record and because the Appeals Council (AC) erred by failing to remand the case after receipt of new evidence. After considering Plaintiff's arguments (doc. 21), Defendant's response (doc. 23), and the administrative record (doc. 10), I find remand is needed for the reasons set forth below.

    *A. Background*

    Plaintiff Ralph Rodriguez was born on June 7, 1965, and was forty-nine years old on his alleged onset date of August 19, 2014. (R. 37). He has a high school (GED) education and past relevant work as a tractor trailer truck driver for Federal Express from 1993 through 2014 (R. 95, 99). Unfortunately, in January 2014, Plaintiff injured his back, neck and shoulder in an on-the-job accident while off-loading his truck (R. 99). Plaintiff returned to work after this mishap, but

---

[1] The parties have consented to my jurisdiction under 28 U.S.C. § 636(c).

1

stopped working in August 2014 due to difficulty performing his job duties and coping with his pain (R. 101). Plaintiff alleged disability due to an array of physical impairments. When asked to list all of the physical or mental conditions that limit his ability to work, Plaintiff listed bulging disc, herniated disk, right shoulder pain, numbness down both arms, pressure down spine, radiating pain down both legs, diabetic, high blood pressure, headaches, and inability to sit for long periods of time (R. 258). However at the administrative hearing on December 6, 2017, he alleged mental impairments too, namely anxiety and depression. Plaintiff testified that he suffers from anxiety, that his primary care doctor had prescribed medication for his anxiety (Buspirone), and that he recently began treatment with a psychiatrist (R. 110-112). He explained he has "very high anxiety", "feel[s] overwhelmed", and "feel[s] like I'm going to throw up" (R. 111). Plaintiff further testified he also suffers from depression as a result of "what has transpired in the last couple of years" including the loss of his career and "basically everything that I've earned" (R. 111). According to Plaintiff, what happened to him "sets you back" and he is thankful that his children have helped him through this difficult time (R. 111).

      After the hearing, the ALJ issued his decision on March 28, 2018, finding Plaintiff's severe impairments include degenerative disc disease, obesity, diabetes mellitus, hypertension, chronic obstructive pulmonary disease (COPD), and sinusitis. Nonetheless, he concluded Plaintiff does not have an impairment or combination of impairments that meets or equals the severity of one of the listed impairments (R. 30). The ALJ opined that Plaintiff's "medically determinable mental impairments of depression and anxiety, considered singly and in combination, do not cause more than a minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere" (R. 28). The ALJ discussed the four areas of mental functioning (the "paragraph B" criteria), finding Plaintiff has a mild limitation in the functional area of

understanding, remembering or applying information; no limitation in the area of interacting with others; a mild limitation in the area of concentrating, persisting, and pace; and a mild limitation in the area of adapting or managing oneself (R. 29). In reaching these findings, the ALJ noted that initially Plaintiff had alleged an inability to work only due to physical impairments, and "while he did note some problems with concentrating and completing tasks, he attribute[d] this to his physical pain and not mental limitations (R. 29 (citing to Ex. 4E)). And the ALJ referred to Plaintiff's admission that "he is able to tend to his personal care, prepare simple meals, shop in stores, handle his finances, drive, read, watch television and go to church, and that he has no problems getting along with friends, family, neighbors, authority figures and others" (R.29 (citing 4E)).

      The ALJ discussed Plaintiff's testimony that "he has had anxiety and depression for years, which causes him to feel nervous and overwhelmed, with pervasive sadness, in spite of regular compliance with psychotropic medications for years" as well as his testimony that he recently had begun seeing a therapist every two months, and had gone once or twice at the time of the hearing (R.29). In opining that Plaintiff's depression and anxiety cause only mild limitations, the ALJ explained that review of the evidence showed "no inpatient or outpatient mental health records … [and] the only records that pertain to mental health note no symptoms whatsoever. For instance, mental status examinations regularly note him to be stable, with a normal attitude, mood and affect, and routinely denies depression, anxiety, mood changes or nervousness" (R. 29 (citing Ex 1F, 3F, 11F, 12F). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a reduced range of light work and denied Plaintiff's claim for disability.

      After the ALJ's decision, Plaintiff submitted additional evidence to the AC: treatment records and progress notes from Crescent Community Clinic dated November 17, 2017 to

3

November 28, 2017 (5 pages), and January 24, 2018 to February 18, 2018 (24 pages); and Pain Management and Spine Care Center, February 5, 2018 and March 12, 2018 (4 pages). The AC found this evidence did not show a reasonable probability of changing the outcome of the decision (R. 2). Plaintiff submitted other additional evidence to the AC: records from Crescent Community Clinic dated June 27, 2018 (1 page); Pain Management and Spine Care Center dated April 17, 2018 (2 pages) and June 15, 2018 to July 30, 2018 (5 pages); and Captiva Lab dated June 21, 2018 to August 21, 2018 (2 pages) (R. 2). The AC found these additional records did not relate to the period at issue and did not affect the decision about whether Plaintiff was disabled beginning on or before March 28, 2018 (R. 2). The AC denied Plaintiff's request for review. Plaintiff, having exhausted his administrative remedies, filed this action. After the ALJ's denial, Plaintiff filed a new application for benefits and was awarded Plaintiff benefits as of March 29, 2018 (the day after the ALJ's decision denying benefits on Plaintiff's first application) (*see* doc. 21, ex. 1).

*B.   Standard of Review*

To be entitled to DIB, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, to regularize the adjudicative process, promulgated detailed regulations. These regulations establish a "sequential evaluation process" to determine if

4

a claimant is disabled. *See* 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (*i.e.*, one that significantly limits his ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the claimant can perform his past relevant work; and (5) if the claimant cannot perform the tasks required of his prior work, the ALJ must decide if the claimant can do other work in the national economy in view of his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

*C. Discussion*

Plaintiff's alleged errors all concern the ALJ's and AC's consideration of evidence related to his mental impairments. The primary basis for remand is the AC's improper denial of Plaintiff's request for review (R. 2-3), but the issues raised are related and I will address them all together. He questions only the AC's refusal to review his mental health treatment records from Crescent Community Clinic dated November 29, 2017 (R. 73), and February 18, 2018 (R. 47-48), and June 27, 2018 (even though he submitted a variety of medical records both pre-dating and post-dating the ALJ's March 28, 2018 decision) (R. 8). The AC found that the evidence pre-dating the ALJ's decision did "not show a reasonable probability that it would change the outcome of the decision" (R. 2). That evidence included two of the three psychiatric office visit notes (R. 47-48, 73). The remaining psychiatric office visit note is dated June 27, 2018 (three months after the ALJ's decision). The AC found that the additional evidence post-dating the ALJ's decision "did not relate to the period at issue [and] [t]herefore, it does not affect the decision about whether you were disabled beginning on or before Match 28, 2018" (R. 2).

Title 20 C.F.R. § 404.970 sets forth the circumstances when the AC will review the ALJ's decision. Under this regulation, the AC reviews a case if the claimant proffers "additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5) (2017). Evidence is material if "a reasonable probability

6

exists that the evidence will change the administrative outcome." *Hargress v. Comm'r of Soc. Sec Admin.*, 883 F.3d 1302, 1308 (11th Cir. 2018) (internal citations omitted).[2]

Where, as here, the AC decides not to review the ALJ's denial of benefits, it must "adequately evaluate" the new evidence. The AC's "adequate evaluation," however, need not include a detailed discussion of a claimant's new evidence. Rather, a statement that the AC considered the additional evidence and determined that the information did not provide a basis for changing the ALJ's decision is sufficient. *See e.g. Mitchell v. Comm'r Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Federal courts must review *de novo* the AC's decision as to whether the additional evidence meets the new, material, and chronologically relevant standard. *Washington v. Comm'r of Soc. Sec.*, 806 F.3d 1317, 1321 (11th Cir. 2015). If the AC erroneously refused to consider newly submitted evidence, it committed legal error and remand is appropriate. *Id.*

Looking at the three psychiatry notes that Plaintiff submitted to the AC, I find they are certainly "new" as they were not included in the administrative record. Interestingly, at the December 6, 2017, administrative hearing, Plaintiff's attorney Sarah Baker, advised the ALJ that she had filed records from Christian [sic] Community Health two days before the hearing. Baker explained that the records were "all duplicates with the exception of one date of service for November 29th," which was an initial appointment with a psychiatrist (R. 92-93). Baker stated she had been unaware of Plaintiff's psychiatry appointment and understood that it was within "the court's discretion whether we [sic] you want to admit it" (R. 93). The ALJ asked if "after that the

---

[2] The new version of § 404.970 also requires a showing of good cause for the failure to submit the additional evidence earlier. *See* 20 C.F.R. § 404.970(b). The AC did not discuss whether Plaintiff satisfied this requirement, and neither will this Court.

record is complete," Baker responded "yes," and the ALJ indicated he "will rule on the admissibility of that along with the decision" and closed the record (R. 93). In his decision the ALJ did not mention the initial November 29, 2017, psychiatry exam note nor rule on its admissibility (R. 26-36). The second psychiatry note, dated February 18, 2017, was not submitted at the ALJ level, but pre-dates the ALJ's decision.

The most recent psychiatry note did not exist before the ALJ's decision (it post-dates the ALJ's decision by three months), but despite the AC's contrary conclusion, I find it chronologically relevant. In a similar case the Eleventh Circuit found that the AC erred in denying review of a psychological evaluation that post-dated the ALJ's decision. *Washington v. Comm'r of Soc. Sec.*, 806 F.3d 1317, 1321 (11th Cir. 2015). The *Washington* court concluded that even though it post-dated the ALJ's decision the additional evidence was chronologically relevant since it included mental health opinions about Washington's cognitive defects, verbal skills, and intellectual disability that related back to the period before the ALJ's decision. *Id*. at 1322. And the court found there was a reasonable possibility that the additional evidence could establish that Washington had an impairment that met or equaled listing 12.04. The *Washington* court explained that the new opinions were not cumulative because "there is no other evidence in the record addressing the combined effect of Mr. Washington's cognitive limitations and hallucinations, which Dr. Wilson explained caused an extreme degree of limitation in his social interactions, sustaining concentration, and persistence." *Id.* at n.6.[3] The new mental health treatment evidence in this case differs from Washington's "new" evidence since it does not seem to include opinion

---

[3] Although *Washington* was decided under a prior version of § 404.970, this distinction is not significant as the crucial issue in both cases is the chronological relevance of the additional evidence.

evidence. However, as in *Washington*, the new evidence represents the first time during the relevant time frame that Plaintiff received treatment from a psychiatrist (or for that matter any mental health provider). At the hearing Plaintiff testified he had to wait seven months for his initial appointment, and his primary care records show a referral for a psychiatric evaluation on April 16, 2016 (R. 623).

When the ALJ evaluated Plaintiff's paragraph "B" criteria and mental functioning, he did not have the benefit of any psychological/ psychiatric records in the administrative record before him. In finding Plaintiff's mental impairments non-severe, the ALJ discussed only the two state agency psychologists' opinions (rendered on December 20, 2015, and January 28, 2016) (R. 126, 138)), and noted a lack of both inpatient and outpatient mental health treatment.[4] Unfortunately, he did not have the opportunity to weigh the new treatment when reaching his RFC and disability determination. Given Plaintiff's lack of insurance, his seven-month (or longer) wait to see a psychiatrist, and his allegations regarding severe anxiety and depression at the hearing, I find the additional evidence is material and chronologically relevant.[5] Remand is needed for consideration of this additional evidence. *See Keene v. Comm'r of Soc. Sec.*, 2019 WL 317441 (M.D. Fla. Jan.

---

[4] On December 20, 2015, Wendy Silver, Psy. D. opined that Plaintiff suffers from a disorder of the back and an anxiety disorder (R. 125). She indicated Plaintiff is mildly restricted in his activities of daily living, and in maintaining concentration, persistence and pace, but has no restrictions in maintaining social functioning (R. 125-126). At the reconsideration level, Plaintiff alleged that his physical condition had worsened but did not indicate any worsening of his mental condition (R. 133). Upon review, state agency psychologist, James A. Brown, Ph.D. noted the record lacked new psych MER to support worsening/ change, thus, Dr. Brown affirmed the PRTF of December 20, 2015 (R. 138).

[5] Review of the evidence shows that on four dates, July 29, 2016, July 24, 2017, August 25, 2017, and September 29, 2017, primary care providers at Crescent Community Clinic office assessed Plaintiff with anxiety. (R. 623, "anxiety"; R. 530, "anxiety R/T stress"; R. 617, "anxiety"; R. 616, "self reports anxiety secondary to financial status").

7, 2019) (finding AC erred in denying review as there was reasonable probability that new evidence including a mental source statement that included an additional diagnosis of schizophrenia would change ALJ's decision); *Langley v. Astrue,* 777 F.Supp. 2d 1250 (N.D. Ala. 2011) (finding AC erred in denying review where claimant submitted new evidence from treating psychiatrist). As in both *Keene* and *Langley*, in this case the ALJ found the claimant's alleged mental impairments non-severe at step two and included no mental restrictions in the RFC. The *Keene* and *Langley* courts both concluded the AC erred in denying review, finding a reasonable probability the new evidence would change the ALJ's decision regarding the severity of the claimant's mental impairments and whether the claimant was disabled. I, too, find the AC erred.

Relatedly, Plaintiff argues that because the psychiatrist's records were "completely illegible," it was impossible for the AC to determine whether these records were material or would have changed the outcome. I agree. In this district, "the illegibility of important evidentiary material can warrant a remand for clarification and supplementation." *See Eubanks v. Comm'r of Soc. Sec.*, case no. 6:16-cv-437-Orl-DCI, 2017 WL 4050162, *4 (M.D. Fla. Sept. 13, 2017) (citing *Miller v. Heckler*, 756 F.2d 679, 680-81 (8th Cir. 1985); *Brissette v. Heckler*, 730 F.2d 548, 550 (8th Cir. 1984); *Cutler v. Weinberger*, 526 F.2d 1282, 1285 (2d Cir. 1975). In *Eubanks,* the court found that the ALJ inability to discuss or weigh the illegible medical evidence from the only treating physician prevented the court from conducting a meaningful review. *See also Monzon v. Berryhill*, 2018 WL 2376489, *8 (S.D. Fla. May 8, 2018) (remanding where the only psychiatric treatment notes of record were illegible and prevented ALJ from fully developing the record and making an informed decision). In light of the illegibility of the new psychiatric records and Plaintiff's allegations that the ALJ did not have sufficient evidence to assess his mental

10

impairments, the Commissioner is directed on remand to consider whether a consultative exam is needed to properly assess Plaintiff's mental impairments.[6]

The analysis could stop here, nonetheless, I address Plaintiff's argument that the new evidence *must* be material because the Commissioner approved Plaintiff's second application for benefits, finding him disabled as of March 29, 2018 (one day after the ALJ's decision in this case). "[A] later award of benefits does not legally impact the review of a prior application for benefits." *Stokes v. Astrue*, No. 8:08-cv-1657-T-23HTS, 2009 WL 2216785, at *2 (M.D. Fla. July 23, 2009) (citation and quotations omitted). The Commissioner's decision to grant Plaintiff's second application is not in the administrative record but is attached to Plaintiff's memorandum of law. *See* doc. 21-1. In it, the Commissioner found Plaintiff disabled as of March 28, 2018, a later time period than that at issue in the ALJ's decision here. This new award "is not evidence of the plaintiff's condition on or before the date` of the ALJ's decision." *Id.*, quoting *Howard v. Astrue*, No. 07-144-GWU, 2008 WL 108776, at *1 (E.D. Ky. Jan. 9, 2008). Of course, Plaintiff did not

---

[6] Though the claimant bears the burden of providing medical evidence showing she is disabled, the ALJ is tasked with developing a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The ALJ is not required to order a consultative examination so long as the record contains sufficient evidence upon which the ALJ can make an informed decision. *Ingram v. Commissioner of Social Sec. Admin*. 496 F.3d 1253, 1269 (11th Cir. 2007) (citations omitted). In *Ingram*, the Eleventh Circuit determined that the ALJ who did not order a consultative mental examination had not erred in failing to further develop the record regarding the claimant's mental capacity because the record was sufficient for the ALJ to determine the extent of the claimant's mental impairments. *Ingram, supra*, at 1269. In contrast, in *Eubanks*, the court recognized:
> When the medical evidence is inadequate for the Commissioner to determine whether the claimant is disabled, the Commissioner has the responsibility to re-contact treating physician(s) or other medical source(s) and determine whether the additional information the ALJ needs is available. 20 C.F.R. § 404.1512(e). If the additional medical evidence is not readily available, then the ALJ should obtain a consultative examination. 20 C.F.R. § 404.1517; (citations omitted).

*Eubanks*, 2017 WL 4050162, *5.

"suddenly become disabled the day after the ALJ's decision." *Howard*, 2008 WL 108776, at *1. But "the subsequent award of benefits says nothing about the plaintiff's condition during the entire period being considered under the plaintiff's current application." *Id*. In other words, an award of benefits recognizing disability beginning one date does not compel a result for the earlier period at issue here. *Stokes*, 2009 WL 2216785, at *2 (summarizing various approaches of the effect of a subsequent disability determination on a prior application and finding "it is clear the mere fact of an award of benefits" does not compel a finding of disability for an earlier time period); *see also Miller v. Colvin*, No. 3:13-cv-391-J-JRK, 2014 WL 4794692, at *6 (M.D. Fla. Sept. 25, 2014) ("The fact that Plaintiff was subsequently awarded benefits for the day after the period at issue here is of no moment.").

    D.    *Conclusion*

For the reasons stated above, it is ORDERED:

    1. The Commissioner's decision is REVERSED, and the matter is REMANDED for further administrative proceedings consistent with this Order; and

    2. The Clerk is directed to enter judgment for the Plaintiff and close the case.

DONE AND ORDERED at Tampa, Florida on July 1, 2020.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE